**KEAGY, EX PARTE, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6497.   Decided April 2, 1945.

Leonard H. Freiberg, Cincinnati, and Mr. Frank X. Brearton, for Appellant.

Carson Hoy, Cincinnati and Mr. Thomas Stueve, Cincinnati, for the State of Ohio.

## OPINION

By MATTHEWS, J.:

The appellant being held as a prisoner by the Sheriff of Hamilton county, filed a petition for a writ of habeas corpus in the Court of Common Pleas of that county, in which he alleged that he was restrained of his liberty without lawful authority. Upon the trial, the Court found against the appellant and remanded him to the custody of the sheriff. It is from that judgment that this appeal was taken.

The record shows that on December 6th, 1943, the appellant was arraigned in the Court of Common Pleas, Division of Domestic Relations, and thereupon changed his plea of not guilty to that of guilty. The Court then sentenced him to imprisonment in the jail of Hamilton county and kept at hard labor "for a term of one year and execution is hereby awarded therefor. The defendant to stand committed until said sentence is served or he be otherwise legally discharged.'' We do not find in the record any statement of the crime of which he pleaded guilty. We are advised by counsel that it was the crime of contributing to the delinquency of a minor, defined in §1639-45 GC.

On January 10th, 1944, on application of tne appellant, the Court in the case in which the sentence was imposed entered an order upon its journal that: "The sentence heretofore imposed—is hereby suspended and the defendant—is placed on probation to the Adult Probation Department—for a period of one year."

One of the terms of probation was that the appellant submit himself to the supervision of the staff and officials of High Oaks Sanitorium of Lexington, Kentucky, for a period of one year, and in the event of his release by them during said year, that he immediately surrender himself to the Adult Probation Department aforesaid.

On October 4th, 1944, the Court in the same case made an order in which it was recited that appellant had been returned as a probation violator and on consideration of the evidence that on September 23rd, 1943, violated the terms of his probation and thereupon ordered that he be "remanded to the Hamilton County Jail and kept at hard labor for the balance of the time remaining on the sentence—and execution is hereby awarded therefor, the defendant to stand committed until he be otherwise legally discharged."

The only question presented is whether these orders and the commitment in accordance therewith constitute lawful authority to the sheriff to hold the appellant and ·deprive him of his liberty. It is urged that they are so vague as to the duration of the imprisonment that it is impossible for the appellant or the sheriff to determine when the sentence has been served, and for that reason they are void and furnish no authority for the appellant's detention.

The Court by its judgment of December 6th, 1943, found appellant guilty and sentenced him to jail for "the term of one year" and committed him at once. As he was in court at

the time, and he was to be confined in the county jail, his imprisonment started at once. There was no occasion for delay as there would be where the sentence was imprisonment at a distant point necessitating the transfer from one place and authority to another, as in the case of a sentence to a state penitentiary in which the law gives the sheriff five days to make delivery. **Sec. 13,455-1 GC. Petticrew v Webster, 63 Oh Ap., 456.** There is no uncertainty as to the time when credit upon his sentence began to accrue and as there is no uncertainty as to extent of the punishment imposed—one year being a phrase whose meaning is not doubtful—one year of hard labor under restraint, and there could be no doubt in the mind of anyone when it would be completed, whether fulfilled by continuous hard labor in prison for one year, or otherwise. And there is no requirement of the law that the judgment should in express terms fix the date of the beginning and ending of the imprisonment. 15 Am. Jur., 108, et seq.

The service of this sentence was interrupted on the application of the appellant and he was placed on probation. The authority for such interruption after commitment is found in §1639-49 GC, by which it is enacted that: "In every case of conviction and where imprisonment is imposed as part of the punishment, such judge may suspend sentence, before or during commitment, upon such condition as he imposes."

This section is found in Chapter 8 by which Juvenile Courts are created and their jurisdiction defined, and the section confers such power to suspend only upon courts exercising jurisdiction of Juvenile Courts. The general provisions of the Code of Criminal Procedure—§13452-1 GC—applicable to probation, do not limit, control or modify in any way this special provision applicable to Juvenile Courts only. The provision of those sections limiting the power to grant probation to the time after conviction before sentence and withholding power to grant probation after sentence have no application here.

Some doubt has been expressed as to the meaning of §1639-49 GC. The words are: "Such judge may suspend sentence" before or during commitment. It is suggested that this may mean that when the judge exercises this power he disturbs the sentence or judgment which he had imposed and not merely the execution of the sentence. We think it clear from the context that the legislature intended by this language that the court could suspend the execution of the sentence only.

In Gehrman v Osborne, 82 Atl. 424 (79 N. J. Eq., 430) the Court held as stated in the syllabus that:

"The term 'suspended sentence' as used in criminal law, refers to the suspension of the execution of a sentence already imposed, and not correctly to the suspending of sentence."

See, also: Moore v State, 251 N. W., 117 (125 Neb. 565); and State v Anderson. 181 N. W. 839, 43 S. D. 630.

We, perhaps, should say here that no issue has been raised as to the constitutionality of §1639-49 GC, and, as the appellant requested the suspension he, in any event, is in no position to raise the issue. Furthermore, if he were in a position to raise the issue it could not benefit him as the invalidity of the section would affect the suspension and not the original sentence. **Municipal Court v State, 126 Oh St., 103.**

Finally, it is urged that the language of the order of October 4th, 1944, re-committing the appellant to jail, is indefinite as to the duration of the commitment. The language of the order is: "For the balance of the time remaining on the sentence imposed by the court on December 6th, 1943."

Referring to the order of December 6th, 1943, we find that the sentence was to the jail for one year, at hard labor. He served from that date to January 10th, 1944, when he was placed on probation. He was not returned to the jail under the sentence until October 4th, 1944. From this statement and the use of arithmetic, no doubt arises as to the duration of his imprisonment or the unserved portion of it. Mere lapse of time after sentence was not sufficient to constitute a performance of the penalty. The penalty imposed was one year of hard labor in the jail. In determining whether the penalty has been satisfied in whole or in part only, the duration of the imprisonment at hard labor designated by the sheriff can be considered. The time the convict was on probation cannot be considered as a credit upon the penalty imposed upon him. It is clear that the term has not expired and that the sheriff is in lawful custody of the appellant.

For these reasons, the judgment is affirmed.

HILDEBRANT, P. J., MATTHEWS & ROSS, JJ., concur in syllabi, opinion & judgment.