SCHIMPF *v.* ALVIS ET AL.

(No. 4754—Decided October 2, 1952.)

*Mr. Lester E. Schimpf,* in propria persona.
*Mr. C. William O'Neill,* attorney general, and *Mr. Larry H. Snyder,* for respondents.

*Per Curiam.* This is a proceeding in habeas corpus, instituted by Lester E. Schimpf, who is now confined in the Ohio Penitentiary under a sentence for grand larceny. On October 4, 1944, the petitioner entered a plea of guilty to grand larceny in the Common Pleas Court of Licking County. He was sentenced to the Ohio Penitentiary for a period of from one to seven years. The execution of the sentence was suspended, and the petitioner was placed on pro-

bation for a period of five years. On March 14, 1946, the probation was revoked and the petitioner was re-sentenced; and on the same date, he was admitted to the penitentiary.

The probation period lasted seventeen months and ten days.

The petitioner contends that he should be given credit on the maximum sentence of seven years for the time he was on probation. If credit were given the seven-year period would have expired.

Section 13452-1, General Code, provides that a court may suspend the imposition of sentence. Neither the express words of the statute nor the spirit of the law contemplate that the petitioner should be given credit on his sentence for the probationary period, if sentence is later imposed. The obvious purpose of the probation is to stay the execution of the sentence. A sentence which is stayed is not in force.

In the case of *In re Nunley,* 102 Ohio St., 332, 131 N. E., 495, the court held that where sentence is imposed and then suspended, "the defendant while under suspension is not in any sense serving a sentence." See, also, *In re Keagy,* 76 Ohio App., 95, 63 N. E. (2d), 216.

When a person escapes from the Ohio Penitentiary and is returned, the time from the date of his escape to the date of his arrest shall not be counted as part of time or sentence served. See Section 2209-20, General Code.

Other grounds set forth in the petition are not well taken.

*Petitioner remanded to custody.*

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.