OPINION
{¶ 1} Plaintiff-appellant, William L. Roberson, appeals from a judgment of the Ohio Court of Claims sustaining the motion for summary judgment of defendant-appellee, Department of Rehabilitation and Correction. For the reasons that follow, we affirm.
 {¶ 2} On March 14, 1995, in case No. 94CR-271, appellant was sentenced by the Licking County Court of Common Pleas to a definite term of imprisonment of one year on each of three counts of forgery, one count of theft, one count of criminal simulation and three counts of insurance fraud. The court ordered appellant to serve these terms consecutively, for an aggregate sentence of eight years, with seven days of jail time credit as to count one only. The court suspended appellant's sentence and placed him on five years probation. On April 27, 1995, the court revoked appellant's probation and reimposed the previously suspended eight-year sentence. Appellant was delivered to prison on May 2, 1995, he was assigned an inmate number and he was given five days of transportation credit, pursuant to Ohio Adm. Code 5120-2-04(C).
 {¶ 3} On July 24, 1995, appellant was granted shock probation. The court again suspended his eight-year sentence and placed him on five years probation. On October 10, 1995, appellant's probation was again revoked. The court reimposed the previously suspended sentence in case No. 94CR-271, and ordered 81 days of jail time credit for the time appellant served in jail under this case number. Appellant was returned to prison on October 12, 1995, and was given one day of transportation credit, pursuant to Ohio Adm. Code 5120-2-04(C).
 {¶ 4} On November 22, 1995, appellant was returned to the Licking County Jail in anticipation of his trial on new charges in case No. 95CR-271. On December 22, 1995, appellant was convicted of grand theft and felony fleeing, and was sentenced to a definite term of imprisonment of one and one-half years on each count. The court ordered that these two counts be served concurrently with each other but consecutively with the previously imposed eight-year sentence. The court awarded no jail time credit under this case number.
 {¶ 5} Appellant returned to prison on December 29, 1995, and was assigned a new inmate number. His new and old sentences were aggregated for a total aggregate sentence of nine and one-half years. According to the affidavit of Mickie Rigsby, Chief of the Bureau of Sentence Computation for appellee, appellant was given the following credits: 146 days of prison time served under the old case number and old inmate number; 82 days of jail time served under the old numbers (81 days of court-ordered jail time credit plus 1 day of transportation credit); and six days jail/transportation time served under the new inmate number and case number. (Rigsby Affidavit ¶ 2.) Appellant was released from prison on August 26, 2001. (Id.)
 {¶ 6} Thereafter, appellant filed a complaint against appellee, stating claims for wrongful imprisonment and false imprisonment. Appellee filed a motion for summary judgment. In his memorandum contra, appellant conceded he could not make out a prima facie case for wrongful imprisonment. With respect to the false imprisonment claim, he argued that appellee had failed to give him the 81 days of jail time credit ordered by the trial court in its October 10, 1995 entry revoking probation and reimposing sentence in case No. 94CR-271. In a brief entry, the Court of Claims sustained appellee's motion for summary judgment and dismissed appellant's complaint.
 {¶ 7} Appellant timely appealed from the judgment of the trial court and presents one assignment of error for our review:
The trial court erred in granting the motion for summary judgment of defendant-appellee and holding that plaintiff-appellant received the full amount of jail time credit to which he was entitled upon order of the sentencing court.
 {¶ 8} Our review of a trial court's grant of summary judgment is de novo. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181.
 {¶ 9} Pursuant to R.C. 2743.02(A)(1), the state may be held liable for false imprisonment. Bennett v. Ohio Dept. of Rehab. Corr.
(1991), 60 Ohio St.3d 107, paragraph two of the syllabus. False imprisonment occurs when a person confines another intentionally "`without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" Feliciano v. Kreiger (1977),50 Ohio St.2d 69, 71, quoting I Harper and James, The Law of Torts (1956), 226, Section 3.7. However, "an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear[s] such judgment or order is void." Bennett, supra, at 111, citing Brinkmanv. Drolesbaugh (1918), 97 Ohio St. 171, paragraphs five and six of the syllabus and Johns v. State (1981), 67 Ohio St.2d 325, paragraph one of the syllabus, certiorari denied (1982), 455 U.S. 944, 102 S.Ct. 1439;Tymciov. State (1977), 52 Ohio App.2d 298.
 {¶ 10} To prove a claim for false imprisonment in Ohio, a plaintiff must demonstrate that he was confined without lawful privilege and against his will or consent within a limited area for any appreciable time. Bennett, supra, at 109. The only element at issue herein is the element of a lack of lawful privilege on the part of appellee.
 {¶ 11} Appellant states that, with "good time" credit, his nine and one-half year aggregate sentence becomes an actual sentence of six years and four months. Beginning on May 2, 1995, the date upon which the court of common pleas initially revoked appellant's probation in case No. 94CR-271, this shortened sentence would conclude on September 2, 2001. Applying the full amount of jail time credit ordered by the sentencing court under his original case number, appellant arrives at a release date of June 5, 2001. He argues this is the date upon which appellee no longer retained the privilege to confine him.
 {¶ 12} Appellee argues that, in calculating his release date, appellant incorrectly calculates his sentence as commencing on May 2, 1995, and running uninterrupted thereafter. Appellee argues that appellant fails to take into account that he was granted shock probation on July 24, 1995, and his sentence ceased to run at that time. His sentence did not recommence until he was redelivered to prison on October 12, 1995. Appellee points out that appellant is not considered to be serving any time toward his original sentence during his period of shock probation. Schimpf v. Alvis (1952), 94 Ohio App. 427, paragraphs one and two of the syllabus. As such, appellee urges, the 79 days between appellant's shock probation and the date he was redelivered to prison do not count toward the running of this original sentence. (Appellee concedes that appellant was likely in jail during some of this period, but points out that this was reflected in the 81 days of jail time credit given by the trial court in its October 10, 1995 entry.)
 {¶ 13} Appellee calculates appellant's release date in the following manner. First, pursuant to former R.C. 2967.193, an inmate is entitled to earn days of credit as a deduction from his definite sentence for productive participation in "an education program, vocational training, employment in prison industries, treatment for substance abuse, treatment as a sex offender, or any other constructive program" of the prison in which he is incarcerated. This credit is known as "earned credit." Also, an inmate is entitled to a deduction from his definite sentence of thirty percent of the sentence, prorated for each month of the sentence for which the inmate faithfully observes the rules of the institution. R.C. 2967.19. This credit is known as "good time." Earned credit and good time credit cannot combine to reduce a sentence by more than one-third of that sentence. R.C. 2967.19(F); former R.C.2967.193(E)(3). Thus, appellant's nine and one-half year definite sentence may only be reduced to six years, 122 days (2,312 days) by application of the maximum good time and earned credit deductions.
 {¶ 14} This figure of 2,312 days is further reduced by any jail time credit awarded by the sentencing court. R.C. 2967.191. The total jail time credit awarded to appellant by the sentencing court was 81 days. Thus, after jail time credit is applied, plus one day of transportation credit (for October 11, 1995), the definite prison sentence stands at 2230 days. The record reflects appellant served time in prison from May 2, 1995 through July 24, 1995, inclusive (a total of 84 days) and he served time in prison from October 12, 1995 through August 26, 2001, inclusive (a total of 2,146 days). The sum of 84 and 2,146 is 2,230, which is the length of appellant's sentence after earned credit, good time credit and jail time credit are applied.
 {¶ 15} We agree with appellee that it is clear appellant served no more time on his definite sentence than that which he was required to serve under the facts of this case and the applicable law. Construing the facts in a light most favorable to appellant, we find that reasonable minds could only conclude that appellee did not confine appellant for any period of time after the expiration of its privilege to do so. Thus, the trial court properly entered summary judgment in favor of appellee. Accordingly, we overrule appellant's sole assignment of error and affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
Petree, P.J., and Bryant, J., and concur.