[Cite as *Foreman v. Dept. of Rehab. & Corr.*, 2014-Ohio-2793.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Keith R. Foreman, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 14AP-15 |
| v. | : | (Ct. of Cl. No. 2013-00566) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 26, 2014

*Keith R. Foreman,* pro se.

*Michael DeWine,* Attorney General, and *Stacy Hannan,* for appellee.

APPEAL from the Court of Claims of Ohio

CONNOR, J.

{¶ 1} Plaintiff-appellant, Keith R. Foreman, appeals from a judgment of the Court of Claims of Ohio, granting the motion to dismiss of the Ohio Department of Rehabilitation and Correction ("ODRC"). Because the Court of Claims did not possess jurisdiction to address plaintiff's constitutional claims or to alter the sentencing court's determination as to jail-time credit, and because plaintiff failed to state a claim for false imprisonment, we affirm.

I.    FACTS AND PROCEDURAL HISTORY

{¶ 2} Plaintiff is an inmate incarcerated at North Central Correctional Institution. On September 25, 2013, plaintiff filed a pro se complaint against ODRC in

the Court of Claims. The complaint stated that it was a form complaint "for declaratory judgment and for equitable relief incorporated with a 42 U.S.C.A. § 1983." (Complaint, 1.) In the complaint, plaintiff asserted that, when the Hancock County Court of Common Pleas sentenced plaintiff in 2007, the sentencing court credited him with "only 301 Days of Jail Time Credit." (Complaint, 1.) Plaintiff claims that he is entitled to 3,010 days of jail-time credit. Plaintiff thus asserted in his complaint that the sentencing court abused its discretion in its calculation of jail-time credit. Plaintiff further asserted in his complaint that, under a proper calculation of his jail-time credit, he would have been released from prison on August 17, 2013. Plaintiff alleged in the complaint that his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution had been violated by the improper calculation of his jail-time credit.

{¶ 3} On October 17, 2013, plaintiff filed a motion to transfer the case to the Franklin County Court of Common Pleas. As support for the motion, plaintiff asserted that the Court of Claims did not have the "power and authority to Determine the Plaintiff's Federal Constitutional Rights." (Motion to Transfer, 1.)

{¶ 4} On October 25, 2013, ODRC filed a motion to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(1) and Civ.R. 12(B)(6). ODRC noted that "[t]he proper remedy for a denial of jail-time credit by a criminal sentencing court is a direct appeal of the criminal case," and that plaintiff had therefore failed to state a claim for relief in the Court of Claims. (Motion to Dismiss, 2.) ODRC further alleged that the Court of Claims lacked jurisdiction over plaintiff's constitutional claims. Plaintiff filed an opposition to the motion to dismiss on November 5, 2013.

{¶ 5} On December 20, 2013 the court issued an entry granting ODRC's motion and dismissing plaintiff's complaint. The court determined that it lacked subject-matter jurisdiction to consider plaintiff's constitutional claims. The court then construed plaintiff's claims regarding jail-time credit as a claim for false imprisonment. The court concluded that plaintiff had failed to state a claim for false imprisonment, as plaintiff was in ODRC's custody pursuant to valid orders from the Hancock County Court of Common Pleas. The court also noted the Court of Claims lacked jurisdiction to review criminal proceedings from the courts of common pleas.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Plaintiff appeals, assigning the following errors:

I. THE JUDGE WAS BIAS AND THE PLAINTIFF WAS PREJUDICE. WHEN THE JUDGE FAIL TO DETERMINE INITIALLY WHETHER THE STATE OFFICIALS WERE ENTITLED TO PERSONAL IMMUNITY. WHEN, THE STATE FAIL TO RESPOND TO THE PLAINTIFF'S MOTION TO TRANSFER.

II. THE JUDGE WAS IN ERROR AND THE PLAINTIFF WAS PREJUDICE. WHEN THE JUDGE FAIL TO DETERMINE INITIALLY WHETHER THE COURT OF COMMON PLEAS' HAD JURISDICTION OVER THE PLAINTIFF'S STATE LAW CLAIMS.

III. PLAINTIFF WAS PREJUDICE. WHEN THE JUDGE ACKNOWLEDGE AND/OR CONCEDED THAT PLAINTIFF'S CLAIMS LIES IN THE FEDERAL COURT, BUT, FAIL TO DETERMINE PLAINTIFF'S STATE LAW CLAIMS IN THIS COURT ACCORDING TO LAW.

(Sic. passim.)

{¶ 7} We address plaintiff's assignments of error together. Under his first assignment of error, plaintiff asserts that the Court of Claims had subject matter jurisdiction to determine whether certain unidentified state officials were entitled to personal immunity under R.C. 9.86. Plaintiff also asserts that that the trial court erred in disregarding plaintiff's motion to transfer. Plaintiff's second assignment of error asserts that the Court of Claims erred in failing to determine whether a court of common pleas had jurisdiction over plaintiff's state law claims. Plaintiff's third assignment of error asserts that the Court of Claims erred in failing to determine his state law claims. Plaintiff also asserts that the Court of Claims erred in failing to transfer the case to a proper court.

{¶ 8} Plaintiff did not allege below that any state officials were entitled to personal immunity under R.C. 9.86. Plaintiff's contention that the court erred in failing to rule on his state law claims lacks merit, as the Court of Claims determined that it lacked jurisdiction to rule on plaintiff's state law claims and that plaintiff failed to state a state law claim for which relief could be granted. Regarding plaintiff's motion to

transfer, we note that the court did not disregard the motion. At the end of the court's entry dismissing plaintiff's complaint, the court noted that all other pending motions were denied as moot. We find no error in the court's decision to deny the motion to transfer, and plaintiff has cited no authority to support his contention that the Court of Claims was obligated to transfer the case to the Franklin County Court of Common Pleas.

## III.    STANDARD OF REVIEW

{¶ 9}   When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court's standard of review is de novo. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548 (1992). A trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Garofalo v. Chicago Title Ins. Co.,* 104 Ohio App.3d 95, 104 (8th Dist.1995), citing *Perez v. Cleveland,* 66 Ohio St.3d 397 (1993), *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190 (1988), and *Phung v. Waste Mgt., Inc.,* 23 Ohio St.3d 100 (1986). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol,* 60 Ohio St.3d 143, 145 (1991).

{¶ 10} In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Brown v. Ohio Tax Commr.,* 10th Dist. No. 11AP-349, 2012-Ohio-5768; *Robinson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. Subject-matter jurisdiction involves " 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Id.,* quoting *Vedder v. Warrensville Hts.,* 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. We apply a de novo standard when we review a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss. *Robinson* at ¶ 5, citing *Hudson v. Petrosurance, Inc.,* 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12.

## IV. COMPLAINT PROPERLY DISMISSED

{¶ 11} The trial court properly concluded that it lacked jurisdiction to address plaintiff's constitutional claims. "[T]he Ohio Court of Claims is without jurisdiction to consider claims for relief premised upon alleged violations of either the Ohio or the United States Constitutions." *Peters v. Ohio Dept. of Natural Resources*, 10th Dist. No. 03AP-350, 2003-Ohio-5895, ¶ 13. Constitutional claims are not actionable in the Court of Claims because a plaintiff is limited to causes of action that could be brought between private parties. *Bleicher v. Univ. of Cincinnati College of Medicine*, 78 Ohio App.3d 302, 306-07 (10th Dist.1992); *Burkey v. S. Ohio Corr. Facility*, 38 Ohio App.3d 170, 171, (10th Dist.1988); R.C. 2743.02 (providing the state waived its immunity from liability and consented to be sued in the Court of Claims "in accordance with the same rules of law applicable to suits between private parties"); *Webb v. Grafton Corr. Inst.,* 10th Dist. No. 03AP-1014, 2004-Ohio-3729 (holding that the Court of Claims lacked jurisdiction over inmate's alleged constitutional and criminal violations by the correctional facility).

{¶ 12} The remainder of plaintiff's complaint asserted that the Hancock County Court of Common Pleas erred in finding that plaintiff had only 301 days of jail-time credit. Plaintiff asserted that, under a proper calculation of jail-time credit, he was entitled to be released from prison immediately. As such, the trial court properly construed plaintiff's assertions as a claim for false imprisonment, and found that plaintiff had failed to state a claim for false imprisonment.

{¶ 13} False imprisonment occurs when a person confines another intentionally " 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.' " *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991), quoting *Feliciano v. Krieger*, 50 Ohio St.2d 69, 71 (1977); *Roberson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 03AP-538, 2003-Ohio-6473, ¶ 9. The state may be held liable for false imprisonment. *Id.; Bennett* at paragraph two of the syllabus. An action for false imprisonment cannot be maintained, however, when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face. *Bradley v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 07AP-506, 2007-Ohio-7150, ¶ 10; *Fryerson v. Dept. of Rehab. & Corr.,* 10th Dist. No. 02AP-1216, 2003-Ohio-2730, ¶ 17.

{¶ 14} Thus, the state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void. *Bradley* at ¶ 11; *Roberson* at ¶ 9; *Likes v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 05AP-709, 2006-Ohio-231, ¶ 10. In order to succeed on a false imprisonment claim based on imprisonment pursuant to a court's entry or order, the court's entry must be invalid on its face. *Beachum v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 11AP-635, 2012-Ohio-673, ¶ 7. Facial invalidity does not require the consideration of extrinsic information or the application of case law. *McKinney v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 09AP-960, 2010-Ohio-2323, ¶ 12, citing *Gonzales v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 08AP-567, 2009-Ohio-246, ¶ 10.

{¶ 15} Because plaintiff was sentenced pursuant to a facially-valid sentencing entry, and asserts only that he should be released from prison because the sentencing court erred in its determination of jail-time credit, plaintiff failed to state a claim for false imprisonment. *See Pruitt v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-117, 2013-Ohio-3743 (finding trial court properly granted ODRC's Civ.R. 12(B)(6) motion to dismiss plaintiff's claim for false imprisonment, because the plaintiff was sentenced pursuant to a facially-valid sentencing entry and the plaintiff's basis for the false imprisonment claim was that the sentencing court erred in its calculation of jail-time credit).

{¶ 16} Moreover, to the extent plaintiff's complaint attempted to have the Court of Claims review the Hancock County Court of Common Pleas sentencing entry for error, the Court of Claims lacked jurisdiction to conduct such a review. The sentencing court must make the determination as to the number of days of jail-time credit to which the defendant is entitled by law. *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 573 (10th Dist.1991). The proper remedy for any error in the determination of jail-time credit is "either direct appeal or a motion for correction by the trial court, if it be a mistake rather than an allegedly erroneous legal determination." *Id.* R.C. 2743.02, the statute governing actions in the Court of Claims, "does not embrace jurisdiction to review criminal proceedings occurring in courts of common pleas." *Donaldson v. Court of Claims of Ohio*, 10th Dist. No. 91AP-1218 (May 19, 1992); *Troutman v. Ohio Dept. of*

*Rehab. & Corr.*, 10th Dist. No. 03AP-1240, 2005-Ohio-334, ¶ 10. *See also Hamilton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-916, 2007-Ohio-1173, ¶ 13 (noting that "a plaintiff who has had the opportunity to raise assignments of error from a criminal conviction in a direct appeal cannot substitute an action in the Court of Claims for a right of appeal in a different court").

{¶ 17} Based on the foregoing, we find that the Court of Claims properly granted ODRC's motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief could be granted. Accordingly, plaintiff's first, second, and third assignments of error are overruled.

## V.   DISPOSITION

{¶ 18} Having overruled plaintiff's first, second, and third assignments of error, the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____