[Cite as *Photographic Creations, Ltd. v. MTMC Co., L.L.C.*, 2017-Ohio-2670.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Photographic Creations, Ltd., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-256 |
| v. | : | (C.P.C. No. 10CV-8240) |
| MTMC Co., LLC, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 4, 2017

**On brief:** *Dale M. Musilli*, for appellant. **Argued:** *Dale M. Musilli.*

**On brief:** *Peterson, Connors, Swisher & Peer, LLP, Istvan Gajary*, and *Gregory S. Peterson*, for appellees. **Argued:** *Gregory S. Peterson.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Photographic Creations, Ltd. ("Photographic Creations"), appeals from a judgment of the Franklin County Court of Common Pleas, entered on March 3, 2016, denying reconsideration of an order filed on November 20, 2012 dismissing the complaint against defendants-appellees, MTMC Co., LLC ("MTMC") and Michael Mignery, for want of subject-matter jurisdiction. Because lack of subject-matter jurisdiction is not the same as lack of standing and because a limited liability company, whatever the state of its membership, has capacity to sue and be sued in Ohio, we find the trial court erred as a matter of law in dismissing for lack of subject-matter jurisdiction. Accordingly, we reverse and remand.

No. 16AP-256

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   In July 2008, Photographic Creations filed a complaint against MTMC and Mignery asserting breach of contract and fraud and seeking to collect on a promissory note for $200,000 plus interest at the rate of 6 percent.  (July 16, 2008 Compl. Case No. 08CV-10166.)  The Franklin County Court of Common Pleas dismissed the case for want of subject-matter jurisdiction in what was apparently an oral ruling from the bench without an accompanying entry.  After a request for reconsideration, the trial court reaffirmed that dismissal in a written entry on March 23, 2010.  *Photographic Creations Ltd. v. MTMC Co., LLC*, Franklin C.P. No. 08CV-10166 (Mar. 23, 2010).  The record does not reflect the basis for the trial court's initial decision and in denying reconsideration it said only this:

> [D]efendant asserts that it is the plaintiff's burden to establish that subject matter jurisdiction has been properly asserted, and it failed to do so.  Therefore, the court's ruling was proper.  Finally, defendant argues that no evidence was ever produced by plaintiff by way of an operating agreement that discloses the proper dissolution procedure for the company.  Furthermore, the Ohio Revised Code provides for winding up of company affairs, and plaintiff failed to provide evidence that it meets the necessary statutory requirements.

*Id.* at 2.

{¶ 3}   Three months after the dismissal, in June 2010, Photographic Creations again filed a complaint against MTMC and Mignery asserting breach of contract and fraud in order to collect on a promissory note for $200,000 plus interest at the rate of 6 percent.  (June 1, 2012 Compl. in passim.)  This time, however, the complaint also alleged that the debt collection was part of the winding up of Photographic Creations by the managing members.  *Id.* at ¶ 2.  Attached to the complaint were, among other things, documents showing that Photographic Creations was incorporated on November 27, 1995 and later dissolved upon the authorized signature of Christopher Woods on October 1, 2002.  (Exs. A, B, Compl.)  Also attached to the complaint were Articles of Organization and an Operating Agreement, each of which was signed only by Christopher Woods and Kevin Rider.  (Exs. A, E, Compl.)

{¶ 4}   On July 7, 2010, MTMC and Mignery filed an answer, a counterclaim, and a motion to join necessary parties pursuant to Civ.R. 19(A).  (July 7, 2010 Answer,

No. 16AP-256

Countercl., and Mot. to Join.) MTMC and Mignery asserted that Woods and Rider were necessary parties to the lawsuit because they executed the purchase agreement (in connection with a related promissory note) as managers of Photographic Creations and separately in their individual capacities. *Id.* at ¶ 16-19[1]; *see also* Exs. C,D, Compl. In their counterclaim, MTMC and Mignery asserted breach of contract and fraud claims. MTMC and Mignery alleged that Photographic Creations, Woods, and Rider made numerous misrepresentations in connection with the sale of Photographic Creations' assets to MTMC. (Answer, Countercl., and Mot. to Join at ¶ 22-34.) The trial court granted MTMC and Mignery's motion to join Woods and Rider as necessary parties pursuant to Civ.R. 19(A). (Dec. 28, 2010 Order on Joinder.)

{¶ 5} MTMC and Mignery filed a motion to dismiss for lack of subject-matter jurisdiction and for an award of costs and attorney fees in October 2011. (Oct. 27, 2011 Mot. to Dismiss.) They argued that the trial court lacked subject-matter jurisdiction because Photographic Creations failed to provide evidence that its purported managers, Woods and Rider, complied with statutory requirements concerning the winding up of the company's affairs. *Id.* They also argued that Photographic Creations failed to produce evidence establishing the authority of Woods and Rider to collect the alleged debt. *Id.* In December 2011, the trial court denied MTMC and Mignery's motion to dismiss for lack of subject-matter jurisdiction and for an award of costs and attorney fees, noting that the operating agreement was attached to the complaint, provided for managing members of the company to wind up the company and collect on debts, and the Ohio Revised Code provides that dissolution does not prevent a company from suing or being sued. (Dec. 28, 2011 Entry Denying Mot. to Dismiss at 9-10.)

{¶ 6} On the first day of trial, July 30, 2012, the trial court sua sponte declared a mistrial when Photographic Creations' witness revealed that there were other potential members of the company beyond the managing members. (July 30, 2012 Tr. at 16; Ex. A, Aug. 22, 2012 Memo Contra Mot. to Dismiss.) Following the mistrial, MTMC and Mignery filed a second motion to dismiss for lack of subject-matter jurisdiction and for an award of costs and attorney fees. (Aug. 8, 2012 Mot. to Dismiss.) MTMC and Mignery asserted that they learned on the first day of trial that there were undisclosed additional

---

[1] The document contains two paragraphs numbered "16." This reference refers to the second.

members of Photographic Creations and that no evidence showed that those additional members bestowed authority on Woods and Rider to wind up the company's affairs. As in its first motion to dismiss for lack of subject-matter jurisdiction, MTMC and Mignery challenged the court's subject-matter jurisdiction based on Photographic Creations' alleged lack of authority to sue MTMC and Mignery. According to MTMC and Mignery, this lack of authority to sue was demonstrated by Photographic Creations' failure to establish that the company was properly dissolved or that Woods and Rider were authorized to wind up the company's affairs.

{¶ 7} The trial court granted MTMC and Mignery's second motion to dismiss for lack of subject-matter jurisdiction. (Nov. 20, 2012 Decision & Entry.) It found no evidence of a valid operating agreement because it concluded that in order to be valid, an operating agreement must be signed by all members of a limited liability company and the only document that had been presented was signed only by Woods and Rider. *Id.* at 7-8. In the absence of a valid operating agreement, the trial court determined that state law governed and required the unanimous agreement of all members to dissolve the company. *Id.* The trial court reasoned that "since [Photographic Creations] has failed to show that it has fully complied with state law, or that Woods and Rider have the proper authority to act on behalf of [Photographic Creations], the Court finds that it does not have subject matter jurisdiction over [Photographic Creations'] claims and [Photographic Creations'] claims must be dismissed." *Id.* at 9-10. The trial court deferred its ruling on MTMC and Mignery's request for costs and attorney fees under Civ.R. 11 and R.C. 2323.51, referring the matter to a magistrate to determine the propriety of sanctions against Photographic Creations and its counsel. *Id.* at 11. The trial court also directed counsel for MTMC and Mignery to submit the appropriate judgment entry to the trial court for its signature and filing. *Id.* However, MTMC and Mignery's counsel did not submit a proposed judgment entry.

{¶ 8} When final judgment did not enter, Photographic Creations filed a motion to reconsider in January 2013, alleging the trial court erred in finding it lacked subject-matter jurisdiction. (Jan. 22, 2013 Mot. to Recons.) Three years later, in March 2016, the trial court denied Photographic Creations' motion to reconsider, and it entered judgment dismissing Photographic Creations' complaint. (Mar. 3, 2016 Decision and Entry at 2-3.)

No. 16AP-256

It included Civ.R. 54(B) language in the entry. *Id.* Additionally, consistent with its November 2012 decision, the trial court referred MTMC and Mignery's motion for sanctions to a magistrate, noting that it retained jurisdiction to "hear and resolve the motion." *Id.*

{¶ 9} Photographic Creations timely appeals from the trial court's judgment dismissing its complaint on reconsideration.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Photographic Creations assigns the following errors for our review:

> 1. The trial court committed error when it dismissed the plaintiffs case because it determined it did not have jurisdiction of the subject matter because the court determined the default rules of Ohio Revised Code 1705 et seq applied and the limited liability company was to be managed by all of its members as the operating agreement of Photographic Creations Ltd was ineffective as to all of its members because the court erroneously held Ohio law mandated all of the members of a limited liability company are required to sign the original operating agreement in order for it to be effective as to all of the members to operate under the provisions of the operating agreement.

> 2. The trial court committed error when it determined that the operating agreement of Photographic Creations was required to be signed by all of the members and since it was not signed by all of the members, the operating agreement was ineffective as to all of the members and therefore the named managing members in the operating agreement, ie Woods and Rider, did not have the authority to dissolve the company, nor the right to liquidate and wind up the affairs of the company per the default rules of Ohio Revised Code 1705 et seq. and the limited liability company, Photographic Creations Ltd, was to be operating as a member managed company per Ohio Revised Code 1705.24 and 1705.25 not a managed member company per Ohio Revised Code 1705.29(A) and thus the court lacked jurisdiction of the subject matter.

> 3. The Franklin County Courts of Common Pleas erred when it dismissed the appellants' case because it ruled it did not have jurisdiction of the subject matter when the Ohio limited liability company, appellant Photographic Creations Ltd, commenced a lawsuit to collect a debt in excess of $15,000 which was evidenced by an unpaid promissory note. It does not matter whether the Ohio limited liability company is

No. 16AP-256

> organized as a managed member limited liability company or a member managed limited liability company pursuant to Ohio Revised Code 1705 et seq. for the Franklin County Court of Common Pleas to have jurisdiction of the subject matter when the limited liability company commences suit to collect on an unpaid debt in excess of $15000.

> 4. The trial committed error when it ordered a hearing held to determine if plaintiffs and or plaintiffs' counsel had committed frivolous conduct per Ohio Revised Code 2323.51 and what sanctions, if any were appropriate to be ordered against plaintiff-appellants.

## III. DISCUSSION

### A. First, Second, and Third Assignments of Error—Whether the Trial Court Erred in Dismissing the Case for Want of Subject-Matter Jurisdiction

{¶ 11} Subject-matter jurisdiction is a court's power to hear and decide a particular class of cases and does not relate to the rights of the individual parties involved in a particular case. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19; *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Brown v. Ohio Tax Commr.*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14. "Although standing is required in order to invoke the jurisdiction of the court of common pleas over a particular action, lack of standing does not affect the subject-matter jurisdiction of the court." *Kuchta* at paragraph three of the syllabus; *Natl. City Bank v. Skipper*, 9th Dist. No. 24772, 2009-Ohio-5940, ¶ 11 ("Capacity to sue or be sued does not equate with the jurisdiction of a court to adjudicate a matter."). In short, "an inquiry into a party's ability to *invoke* a court's jurisdiction speaks to jurisdiction over a particular case, not subject-matter jurisdiction." (Emphasis added.) *Kuchta* at ¶ 22. Because subject-matter jurisdiction is a question of law, we review de novo a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 10; *Brown* at ¶ 14.

{¶ 12} Here, the trial court dismissed Photographic Creations' complaint for lack of subject-matter jurisdiction based on its findings regarding the company's management and dissolution. (Nov. 20, 2012 Decision & Entry at 7-10.) The trial court determined

that, in the absence of an effective agreement governing the operations of Photographic Creations, the company was not properly dissolved, pursuant to R.C. 1705.43, because there was no unanimous written agreement of all company members to dissolve it. *Id.* at 8-9. The trial court further determined that Woods and Rider were not vested with the authority to dissolve and wind up the company affairs. *Id.* at 8-10. Based on these determinations, the trial court concluded that it lacked subject-matter jurisdiction over Photographic Creations' complaint. *Id.* at 7-10.

{¶ 13} Contrary to the trial court's determination, the record demonstrates that it had subject-matter jurisdiction over Photographic Creations' complaint. Ohio's common pleas courts have " 'original jurisdiction over all justiciable matters * * * as may be provided by law.' " *Kuchta* at ¶ 20, quoting Ohio Constitution, Article IV, Section 4(B). Pursuant to R.C. 2305.01, courts of common pleas have "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." Photographic Creations' complaint set forth claims of breach of contract and fraud—claims that are clearly cognizable in the trial court. Further, "the sum or matter in dispute" in this case exceeded the $500 threshold where the original jurisdiction of the county courts ceases to be exclusive. *See* R.C. 1907.03. Thus, the trial court had subject-matter jurisdiction over Photographic Creations' complaint against MTMC and Mignery.

{¶ 14} Yet the trial court's error in conflating subject-matter jurisdiction with jurisdiction over the particular case would be harmless if it was nonetheless appropriate for the trial court to have dismissed the case due to failure by Photographic Creations to invoke the court's jurisdiction over its case. *See* Civ.R. 61. Thus, we must consider whether the trial court correctly concluded that Photographic Creations did not successfully invoke the jurisdiction of the court over its case.

{¶ 15} "A limited liability company may sue and be sued." R.C. 1705.03(A). "Dissolution of a limited liability company does not * * * [p]revent commencement of a proceeding by or against the company in its name." R.C. 1705.45(B)(2). There is no suggestion that Photographic Creations was not a limited liability company or that the Ohio Secretary of State erred in 1995 when he designated it as such. *See* Ex. A, Compl. Thus, whether Photographic Creations was successfully dissolved or not, it could sue and

No. 16AP-256

be sued. Hence, it was capable of bringing suit in its own name against MTMC and Mignery who executed a promissory note in favor of Photographic Creations for $200,000 plus interest at 6 percent. (Ex. C, Compl.)

{¶ 16} Moreover, had there been real concern that Rider and Woods were directing the company to take action to collect on the debt without real authority for doing so, the members of Photographic Creations would have been the appropriate parties to challenge that because they are the ones who would be damaged by such an act. As the Ohio Revised Code provides:

> No lack of authority or limitation upon the authority of a limited liability company shall be asserted in any action except as follows:
>
> (a) By the state in an action by it against the company;
>
> (b) By or on behalf of the company in an action against a manager, an officer, or any member as a member;
>
> (c) By a member as a member in an action against the company, a manager, an officer, or any member as a member;
>
> (d) In an action involving an alleged improper issue of a membership interest in the company.

R.C. 1705.03(E)(1). MTMC and Mignery improperly asserted the potential rights of Photographic Creations' members, and the trial court was distracted from the issue of their own alleged nonpayment of a debt to the company. MTMC and Mignery sidestepped whether the debt was owed and argued that Woods and Rider were "attempting to invoke the power of this Court for their own personal gain with no accountability or responsibility to the remaining members [of Photographic Creations]." (Aug. 8, 2012 Mot. to Dismiss at 4.) Any accountability of Woods and Rider to the remaining members of Photographic Creations is an issue among the members of Photographic Creations, not MTMC and Mignery, who were not members of Photographic Creations and whose relationship to Photographic Creations was as purchasers of its assets. R.C. 1705.03(E)(1) is explicit in that "no lack of authority or limitation upon the authority of a limited liability company shall be asserted in any action except" by the State or those associated with the limited liability company through membership. MTMC and Mignery were simply purchasers of assets of Photographic

No. 16AP-256

Creations. Essentially, in their status as debtors, they impermissibly raised what amounted to a red herring that derailed this litigation over the course of the past nine years.

{¶ 17} We sustain Photographic Creations' first, second, and third assignments of error for the reasons and to the extent discussed herein.

### B. Fourth Assignment of Error—Referral of Motion for Sanctions to a Magistrate

{¶ 18} Photographic Creations in its fourth assignment of error argues that the trial court erred in referring this matter to a magistrate for the purpose of determining whether Photographic Creations and its counsel engaged in frivolous conduct and what sanctions, if any, would be appropriate. This assignment of error, however, does not present an issue ripe for review. *State ex rel. Elyria Foundry Co. v. Indus. Commn.*, 82 Ohio St.3d 88, 89 (1998) ("judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote"). Photographic Creations does not argue that the trial court lacked the authority to refer MTMC and Mignery's request for sanctions to a magistrate. Instead, Photographic Creations argues that the trial court already made a determination that Photographic Creations and its counsel engaged in some degree of frivolous conduct in referring the issue to a magistrate. Specifically, Photographic Creations' argument goes to the merits of the issue of sanctions. Photographic Creations argues that the trial court erred in referring the matter to a magistrate for a hearing on sanctions because it presented a valid theory of recovery and neither it nor its counsel engaged in any frivolous conduct.

{¶ 19} Our review of the record shows that the trial court did not make a finding that Photographic Creations or its counsel engaged in frivolous conduct. It simply referred the issue to a magistrate for a hearing. *See* Nov. 20, 2012 Decision and Entry at 10; Mar. 3, 2016 Decision and Entry at 3. As such Photographic Creations' fourth assignment of error does not present an issue ripe for review.

## IV. CONCLUSION

{¶ 20} The trial court erred in dismissing this case. Whether a party successfully invokes the jurisdiction of the court is a question that goes to the jurisdiction over that particular case, not the court's subject-matter jurisdiction. *Kuchta* at paragraph three of

No. 16AP-256

the syllabus. Whether properly dissolved or not, Photographic Creations retained power to sue and be sued and thus was within its rights to have brought suit to collect on a debt owed in the winding up of its affairs. R.C. 1705.03(A); R.C. 1705.45(B)(2). The debtor, in this case, a purchaser of Photographic Creations' assets, cannot assert the potential rights of other members of the limited liability company in order to defend against Photographic Creations' claims. R.C. 1705.03(E)(1). We sustain Photographic Creations' first, second, and third assignments of error on the grounds expressed herein. We find that Photographic Creations' fourth assignment of error is unripe. We reverse and remand to the Franklin County Court of Common Pleas for proceedings consistent with this opinion.

*Judgment reversed and remanded with instructions.*

HORTON, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

————————