[Cite as *Knisley v. Knisley*, 2025-Ohio-147.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David Knisley, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 24AP-291 |
| v. | : | (C.P.C. No. 23CV-4879) |
| Daniel S. Knisley et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on January 21, 2025

**On brief:** *Doucet Co. LPA*, *Lane McKenzie*, and *J. Eric Holloway*, for appellant. **Argued:** *Troy J. Doucet*.

**On brief:** *Eric E. Coss*, for appellees. **Argued:** *Eric E. Coss*.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Plaintiff-appellant, David Knisley ("David"), appeals the Franklin County Court of Common Pleas' order and entry granting defendants-appellees Daniel S. Knisley, Dean A. Knisley, Douglas C. Knisley, Kurt A. Knisley, and the Knisley Family Partnership's ("Family Partnership" and collectively "appellees"), Civ.R. 12(B)(6) motion to dismiss. For the following reasons, we reverse the trial court's judgment and remand this matter to the trial court.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} On July 11, 2023, David filed a complaint, amended July 31, 2023, against Family Partnership. In his complaint, David alleged that he, along with Daniel S. Knisley, Dean A. Knisley, Douglas C. Knisley, and Kurt A. Knisley, formed the Family Partnership for the purpose of holding property and sharing rental income. (July 11, 2023 Compl. at 2.) He further stated that the Family Partnership had no applicable agreement and therefore

the partners shared equal profits and management rights. *Id.* David alleged that each partner contributed $200,000 to the Family Partnership, which was used to purchase property at 1111 Dublin Road, Columbus, Ohio 43215. *Id.* The Partnership receives rental income from a tenant, Knisley Law, of which David was a member until 2016, when he was removed by appellees without notice. *Id.*

{¶ 3} David alleged that, despite him being a member of the Family Partnership, the appellees have not requested his consent for management decisions in years and that he has not been receiving capital distributions, unlike appellees. *Id.* at 3. He also alleged that the appellees set the rental price of the property below market value and did not notify him of or give him an opportunity to vote on that decision. *Id.*

{¶ 4} David asserted the following claims: judicial dissolution, winding up of the business, breach of fiduciary duty, breach of contract, negligence, promissory estoppel, equitable estoppel, unjust enrichment, and conversion.

{¶ 5} On August 17, 2023, the appellees filed a motion to dismiss David's complaint under Civ.R. 12(B)(6), arguing that all the claims in the complaint are barred by the relevant statutes of limitations, as he alleged he was removed from Knisley Law sometime in 2016.

{¶ 6} On April 11, 2024, the trial court granted the appellees' motion to dismiss. The trial court found that David failed to state a claim upon which relief can be granted with respect to his equitable estoppel claim. The trial court also found that David's claims regarding judicial dissolution, winding up of business, breach of contract, promissory estoppel, and unjust enrichment were barred by the statute of limitations. Specifically, the trial court found that those causes of action for those claims accrued sometime in 2016 when David was removed from Knisley Law and that the applicable statute of limitations for those claims began to run at that time. The court stated:

> all of Plaintiff's remaining claims are barred by the statute of limitations. Specifically, Plaintiff's claims for judicial dissolution, winding up of business, breach of contract, promissory estoppel, and unjust enrichment should have been filed no later than December 31, 2022. Next, Plaintiff's claim for breach of fiduciary duty should have been filed no later than December 31, 2020. Further, Plaintiff's claim for negligence should have been filed no later than December 31, 2018. Finally, Plaintiff's claim for conversion should have been filed no later than December 31, 2020. Here, Plaintiff filed his

> Complaint in July 2023. Thus, Plaintiff's claims are barred by the relevant statute of limitations.

(Apr. 11, 2024 Order & Entry at 9.)

{¶ 7}   David now appeals.

## II.  ASSIGNMENTS OF ERROR

{¶ 8}   David argues the following assignments of error:

(1) The Trial Court erred in its decision, rendered April 11, 2024, granting Appellees' Motion to Dismiss by finding that appellant's claims were barred by the statute of limitations with respect to Count One- Judicial Dissolution, Count 2- Winding Up of Business, Count 4- Breach of Contract, Count 6- Promissory Estoppel, and Count 8- Unjust Enrichment.

(2) The Trial Court erred in its decision, rendered April 11, 2024, granting Appellees' Motion to Dismiss by finding that Appellant's claims were barred by the statute of limitations with respect to Count 3- Breach of Fiduciary Duty.

(3) The Trial Court erred in its decision, rendered April 11, 2024, granting Appellees' Motion to Dismiss by finding that Appellant's claims were barred by the statute of limitations with respect to Count 5- Negligence.

(4) The Trial Court erred in its decision, rendered April 11, 2024, granting Appellees' Motion to Dismiss by finding that Appellant's claims were barred by the statute of limitations with respect to Count 9- Conversion.

## III.  LEGAL ANALYSIS

{¶ 9}   Because they are interrelated, we consider and address David's four assignments of error together.  In each of his assignments of error, David argues the trial court erred in granting the appellees' motion to dismiss under Civ.R. 12(B)(6) based on the statute of limitations for his claims.

{¶ 10}   Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint.  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975).  In ruling on a Civ.R. 12(B)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, presume all

factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.)

{¶ 11} A motion to dismiss based on the application of a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time barred. *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus. When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 12} In its decision, the trial court stated that it was

> constrained to the allegations contained within the Amended Complaint. This Court presumes, absent any allegations to the contrary, that the causes of action accrued sometime in 2016 when Plaintiff asserts he was removed from the family law practice. Further, the applicable statute of limitations for Plaintiff's claims began to run when the cause of action accrued.

(Apr. 11, 2024 Order & Entry at 9.) Based on an accrual date of December 31, 2016, the trial court then found that David's claims for judicial dissolution, winding up of business, breach of contract, promissory estoppel, and unjust enrichment should have been filed no later than December 31, 2022; his breach of fiduciary duty claim no later than December 31, 2020; his claim for negligence no later than December 31, 2018; and his conversion claim no later than December 31, 2020. *See* R.C. 2305.07, 2305.09, and 2305.10.

{¶ 13} However, our examination of the complaint, when viewed in a light most favorable to David, shows that the alleged harms relate to David's current strained status as a partner in the Family Partnership, not from his removal from the family law practice in 2016. David's complaint alleges harms, such as loss of rental income from the property held by the Family Partnership, settlement of his partnership account, and loss of his investment in the Family Partnership. These are not harms that resulted from his removal from the family law firm, but from his continuing interest in the Family Partnership and his exclusion from decisions concerning the Family Partnership.

{¶ 14} We do not agree that, based on the allegations within the amended complaint, the action is conclusively, on its face, time barred. The only dates alleged in the amended complaint are the 2012 formation of the Family Partnership and the 2016 removal of David from the family law practice. But the amended complaint asserts allegedly tortious acts and on-going and continuing harms, such as David's loss of profits and his exclusion by appellees from management of the Family Partnership. The complaint does not set forth dates of any of the alleged acts or harms upon which David's claims are based. David points this court to *Agrawal v. Univ. of Cincinnati*, 10th Dist. No. 16AP-293, 2017-Ohio-8644, ¶ 16, where this court noted that the statute of limitations may extend past an initial breach in situations where a breach is continuing or ongoing. *See also Singleton v. Adjutant Gen. of Ohio*, 10th Dist. No. 02AP-971, 2003-Ohio-1838, ¶ 22 ("The trial court addressed only the question of the lapsing of the statute of limitations from the initial alleged breaches relating to the failure to remove certain information from Mr. Singleton's personnel file when it granted dismissal of the breach of contract action. Since the failure to abide by the earlier agreement/contract could be viewed as an ongoing breach of the agreement/agreement regarding confidentiality, the trial court was not in a position to grant a dismissal under Civ.R. 12(B)(6).").

{¶ 15} We similarly do not find the trial court was in a position to grant a dismissal here. David's alleged harms in his complaint under his claims for judicial dissolution, winding up of business, breach of contract, promissory estoppel, unjust enrichment, breach of fiduciary, negligence, and conversion are related to his status as partner in the Family Partnership. If taken as true, these allegations indicate continuing harms that are on-going, as David is being continually excluded from management decisions and denied his share of the Family Partnership's profits. We accordingly sustain David's assignments of error.

## IV. CONCLUSION

{¶ 16} Having sustained David's assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the cause for further proceedings consistent with this decision and the law.

*Judgment reversed;*
*cause remanded.*

JAMISON, P.J., and LELAND, J., concur.

———————————