[Cite as *State v. McCuller*, 2015-Ohio-3124.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Charles D. McCuller, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-91 |
| v. | : | (Ct. of Cl. No. 2014-00404) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on August 4, 2015

*Charles D. McCuller*, pro se.

*Michael DeWine*, Attorney General, and *Stacy Hannan*, for appellee.

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Charles D. McCuller, appeals a judgment of the Court of Claims of Ohio dismissing his claim for false imprisonment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). We affirm the Court of Claims' judgment dismissing appellant's complaint pursuant to Civ.R. 12(B)(1) and (6).

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 22, 2014, McCuller filed a complaint in the Court of Claims alleging that he is falsely imprisoned and seeking damages as a result. In his complaint, McCuller alleged he was sentenced to prison under a six-year sentence for the offense of robbery on April 7, 2005. He claims that his prison term for this offense expired July 17,

2010. McCuller also asserts that the Cuyahoga County Court of Common Pleas, on February 15, 1980, sentenced him on three different cases respectively to 7 to 25 years, 7 to 25 years, and 5 to 15 years. Though McCuller does not specifically allege it, we infer from the record that he was paroled at some point because McCuller alleges in his complaint that he was reincarcerated on a three -year continuance of sentence as a parole violator on May 7, 2013.

{¶ 3} McCuller claims that he is not properly confined as a parole violator. Specifically, McCuller asserts that the cases from 1980 originated in the Cuyahoga County Court of Common Pleas, Juvenile Branch ("juvenile court"), and that he was bound over to the General Division without the certification required by R.C. 2949.12. McCuller alleges that ODRC is without authority to confine him because there is no such certification in the record.

{¶ 4} On May 20, 2014, ODRC filed a motion to dismiss, pursuant to Civ.R. 12(B)(1) for lack of subject-matter jurisdiction, and Civ.R. 12(B)(6) for failure to state a claim. On June 12, 2014, McCuller opposed the motion and also moved for summary judgment. Each side responded once more to the other, ODRC on June 18, and McCuller on July 7, 2014. On January 9, 2015, the Court of Claims granted ODRC's motion to dismiss and denied McCuller's motion for summary judgment. McCuller now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 5} McCuller advances a single assignment of error for our review:

> The Court of Claims erred when it granted the Defendant's motion to dismiss Plaintiff's Complaint, pursuant to Civil Rule 12(B)(1) and (6), based [on] allegations and materials contained outside the pleadings, which motion was not converted into a summary judgment and supported by affidavits, exhibits, or attachments, with notice given to the parties as required by Civil Rule 56, pursuant to Civil Rule 12(B).

## III. DISCUSSION

{¶ 6} In ruling on a motion to dismiss for lack of subject-matter jurisdiction, pursuant to Civ.R. 12(B)(1), the trial court determines whether the claim raises any action cognizable in that court. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 10; *Brown v. Ohio Tax Commr.*, 10th Dist. No. 11AP-349, 2012-

Ohio-5768, ¶ 14; *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. Subject-matter jurisdiction involves " ' "a court's power to hear and decide a case on the merits and does not relate to the rights of the parties." ' " *Brown* at ¶ 14, quoting *Robinson* at ¶ 5, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. We apply a de novo standard when we review a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss. *Robinson* at ¶ 5, citing *Hudson v. Petrosurance, Inc.*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12. In deciding a motion to dismiss for lack of subject-matter jurisdiction, the trial court may consider evidence outside of the complaint. *Brown* at ¶ 14, citing *Cerrone v. Univ. of Toledo*, 10th Dist. No. 11AP-573, 2012-Ohio-953, ¶ 5; *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 7} When reviewing a judgment on a motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6), an appellate court's standard of review is also de novo. *Foreman* at ¶ 9; *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). A trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the non-moving party. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104 (8th Dist.1995), citing *Perez v. Cleveland*, 66 Ohio St.3d 397 (1993); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1989); *Phung v. Waste Mgt., Inc.*, 23 Ohio St.3d 100 (1986). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991).

{¶ 8} Motions to dismiss for failure to state a claim are decided based on the pleadings. However, Civ.R. 12(B) provides:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however,

that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

{¶ 9} The trial court granted ODRC's motion to dismiss on both grounds, Civ.R. 12(B)(1) and (6). In doing so, the trial court considered materials outside the pleadings that had been offered by McCuller in his combined memorandum contra ODRC's motion to dismiss and his own motion for summary judgment. The only materials outside the pleadings considered by the trial court were those presented by McCuller himself in his combined response and motion for summary judgment. Because ODRC's motion did not "present[] matters outside the pleading" the trial court was not required to apply Civ.R. 56 in deciding the outcome of McCuller's complaint. Civ.R. 12(B)(6). Even if the trial court considered ODRC's motion using the material McCuller supplied, it cannot be said that McCuller lacked a "reasonable opportunity" to present materials "pertinent" to a Civ.R. 56 motion since McCuller filed the only Civ.R. 56 motion and related extra materials (outside of the pleadings) in the case.

{¶ 10} Reviewing the trial court's decision de novo, we find that McCuller did fail to state a claim for common-law false imprisonment.

> False imprisonment occurs when a person confines another intentionally " 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.' " *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991), quoting *Feliciano v. Krieger*, 50 Ohio St.2d 69, 71 (1977); *Roberson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 03AP-538, 2003-Ohio-6473, ¶ 9. The state may be held liable for false imprisonment. *Id.*; *Bennett* at paragraph two of the syllabus. An action for false imprisonment cannot be maintained, however, when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face. *Bradley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-506, 2007-Ohio-7150, ¶ 10; *Fryerson v. Dept. of Rehab. & Corr.*, 10th Dist. No. 02AP-1216, 2003-Ohio-2730, ¶ 17.

*Foreman* at ¶ 13. "[T]he state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void." *McKinney v. Ohio*

*Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-960, 2010-Ohio-2323, ¶ 9, citing *Bradley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-506, 2007-Ohio-7150, ¶ 11; *Roberson* at ¶ 9; *Likes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-709, 2006-Ohio-231, ¶ 10.

{¶ 11} McCuller did not allege facts sufficient for us to conclude under the applicable law that the orders for his current incarceration for parole violations were void on their face. He alleged that ODRC does not have a certification from the juvenile court as required by R.C. 2949.12. McCuller shifts the focus from Civ.R. 12(B)(6) to (B)(1). Examining his claim, we note that R.C. 2152.12 defines the criteria for transferring criminal complaints in the juvenile division of common pleas courts to their general division. Under the statutory scheme, the juvenile court certifies that the criteria for transfer have been met. Under R.C. 2949.12, a clerk of the court of common pleas must attach a copy of such certification to the adult felony indictment and provide it with the other materials required by R.C. 2949.12 as part of the "prisoner commitment" or mittimus when an offender is sent to a reception facility of ODRC. Specifically, unless the prisoner commitment is being processed electronically, R.C. 2949.12 requires the conveying sheriff to present the managing officer of the designated prison facility with:

> [A] copy of the convicted felon's sentence that clearly describes each offense for which the felon was sentenced to a correctional institution, designates each section of the Revised Code that the felon violated and that resulted in the felon's conviction and sentence to a correctional institution, designates the sentence imposed for each offense for which the felon was sentenced to a correctional institution, and, pursuant to section 2967.191 of the Revised Code, specifies the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence. The sheriff, at that time, also shall present the managing officer with a copy of the indictment. The clerk of the court of common pleas shall furnish the copies of the sentence and indictment. In the case of a person under the age of eighteen years who is certified to the court of common pleas by the juvenile court, the clerk of the court of common pleas also shall attach a copy of the certification to the copy of the indictment.

{¶ 12} We see no reason, McCuller cites no case law, and we find no precedent for concluding that the failure by the clerk or the sheriff to attach this certification to the

indictment renders an otherwise valid order for a person's confinement to be "void on its face." *Foreman* at ¶ 13. The precedent we find supports just the opposite. "[E]ven if such copy of the sentence would be held to be incomplete, inasmuch as petitioner was properly indicted, pleaded guilty to the charge in a court of competent jurisdiction and was properly sentenced, any error in the mittimus issued by the court would not void the conviction." *Orr v. Maxwell*, 174 Ohio St. 344, 347 (1963).

{¶ 13} While the Court of Claims is the proper forum in which to pursue civil damages claims against the state of Ohio, no civil damages can arise without liability. The Court of Claims is not the proper forum in which to challenge the validity of one's incarceration or to seek a declaration pursuant to R.C. 2743.48. *Perry v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-571, 2012-Ohio-452, ¶ 22; R.C. 2743.48(B)(1). To the extent that the complaint challenges the incarceration itself or prays for a declaration that McCuller is wrongfully imprisoned, we also de novo affirm the decision of Court of Claims' dismissal of McCuller's complaint under Civ.R. 12(B)(1) as lacking subject-matter jurisdiction. McCuller's assignment of error is overruled.

## IV. CONCLUSION

{¶ 14} We overrule McCuller's sole assignment of error and affirm the judgment of the Court of Claims of Ohio dismissing his complaint.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.