[Cite as *Evans v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-1521.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William H. Evans, Jr., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-756 |
| v. | : | (Ct. of Cl. No. 2019-00506JD) |
| Ohio Department of | : | (REGULAR CALENDAR) |
| Rehabilitation and Correction, | | |
| | : | |
| Defendant-Appellee. | | |
| | : | |

D E C I S I O N

Rendered on April 16, 2020

**On brief:** *William H. Evans, Jr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Lauren D. Emery* for appellee.

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, William H. Evans, Jr., appeals a decision of the Court of Claims of Ohio, entered on October 21, 2019, dismissing his case against the Ohio Department of Rehabilitation and Correction ("ODRC"). Evans' complaint essentially consists of allegations regarding the inconvenience and hardship caused by past and potential future transfers between prison institutions. However, these expressions of dissatisfaction are insufficient to allege a claim under the Americans with Disabilities Act ("ADA"), insufficient to show that the complained-of activity fell outside the scope of ODRC's general immunity from liability arising from decisions regarding inmate transfer and placement, and, insofar as the complaint sought to accuse ODRC of criminal acts, cannot be addressed in the Court of Claims in the first instance. We therefore overrule Evans' five assignments of error and affirm the judgment of the Court of Claims.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 15, 2019, Evans filed a complaint alleging that ODRC officials transferred Evans from one prison to another based on a retaliatory motive with the result that they uprooted his life and interfered with his various legal endeavors.  (Apr. 15, 2019 Compl. at ¶ 4.)  Rather than allege specific facts about the contemplated transfer or the factual circumstances that justify Evans' conclusory allegation that the move was retaliatory, Evans merely attached a prior complaint that he had apparently filed in a different case regarding similar issues.  (Compl. 18CV-2819, attached to Apr. 15, 2019 Compl.)

{¶ 3}   In May, ODRC moved to strike the attachment to the complaint and to dismiss the case.  (May 10, 2019 Mot. to Strike; May 10, 2019 Mot. to Dismiss.)  Evans opposed both motions.  (May 28, 2019 Memo. Contra.)

{¶ 4}   Approximately five months later, on October 21, 2019, the Court of Claims granted ODRC's motion to dismiss and found the motion to strike to be moot.  (Oct. 21, 2019 Entry at 4.)  The Court of Claims granted both prongs of ODRC's motion to dismiss under Civ.R. 12(B)(1) and (6), finding Evans' claims regarding alleged violation of his constitutional rights and alleged violation of R.C. 2307.60 were not within its jurisdiction, dismissing them under Civ.R. 12(B)(1).  As for his purported ADA claim, the Court of Claims dismissed it under Civ.R. 12(B)(6) for failure to state a claim.

{¶ 5}   As substantively relevant to this appeal, the Court of Claims reasoned that ODRC's decisions about where to house inmates are protected by discretionary immunity. *Id.* at 2.  It found it lacked jurisdiction to determine both whether ODRC had committed a crime or a violation of the U.S. Constitution.  *Id.* at 3.  Finally, it concluded that Evans' one-sentence allegation to the effect that the ADA "may" be implicated by his suit was insufficient to allege a cause of action.  *Id.* at 3-4.

{¶ 6}   Evans now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 7}   Evans asserts four assignments of error:

> [1.]  TRIAL COURT ERRED IN HOLDING THAT PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, WHERE IF [ANY] CAUSE OF ACTION FOR RELIEF IS STATED THE CASE MAY NOT BE DISMISSED.

[2.]    TRIAL COURT ERRED IN HOLDING THAT THE VIOLATIONS AGAINST EVANS IS BARRED UNDER DISCRETIONARY IMMUNITY.

[3.] TRIAL COURT ERRS IN HOLDING THAT THE COURT OF CLAIMS CANNOT HEAR CIVIL ACTIONS FOR DAMAGES BASED UPON CRIMINAL ACTS UNDER O.R.C. §2307.60.

[4.] TRIAL COURT ERRS IN HOLDING THAT PLAINTIFF FAILED TO [PLEAD] THE ELEMENTS OF AN A.D.A. CLAIM, AMOUNTING TO A HEIGHTENED PLEADING REQUIREMENT.

For organizational clarity, we address the second, third, and fourth assignments of error before we address the first assignment of error.

## III.  DISCUSSION

### A.  Standard of Review

{¶ 8}   In ruling on a motion to dismiss for lack of subject-matter jurisdiction pursuant to Ohio Rule of Civil Procedure 12(B)(1), the trial court determines whether the claim raises any action cognizable in that court.  *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 10; *Brown v. Ohio Tax Commr.*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14; *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5.  Subject-matter jurisdiction involves " ' "a court's power to hear and decide a case on the merits and does not relate to the rights of the parties." ' " *Brown* at ¶ 14, quoting *Robinson* at ¶ 5, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.  We apply a de novo standard when we review a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss.  *Robinson* at ¶ 5, citing *Hudson v. Petrosurance, Inc.*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12; *McCuller v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 15AP-91, 2015-Ohio-3124, ¶ 6.

{¶ 9}   When reviewing a judgment on a motion to dismiss for failure to state a claim on which relief can be granted under Civ.R. 12(B)(6), our standard of review is also de novo. *Foreman* at ¶ 9; *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.  A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992).  When reviewing such a Civ.R. 12(B)(6) motion, a trial court must presume all

factual allegations contained in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104 (8th Dist.1995), citing *Perez v. Cleveland*, 66 Ohio St.3d 397 (1993); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988); *Phung v. Waste Mgt., Inc.*, 23 Ohio St.3d 100 (1986); *Rossford* at ¶ 5. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991); *accord Burse v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-452, 2019-Ohio-2882, ¶ 9.

### B. Second Assignment of Error – Whether the Trial Court Erred in Concluding that Discretionary Immunity Protected the Prison Officials Decisions About Where to House Evans

We have previously held that ODRC is "generally immune from liability arising from decisions regarding inmate transfer and placement under the discretionary immunity doctrine." *Troutman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 03AP-1240, 2005-Ohio-334, ¶ 9; *accord Burse* at ¶ 17. Discretionary immunity is not without limits. *See Frash v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-932, 2016-Ohio-360, ¶ 21-23. In this case, however, none of the few conclusory allegations Evans made in his complaint provided bases for any finding other than that immunity applies in this case. (Compl. at ¶ 3-6.) Even on appeal, Evans does not offer any substantive theory to support a finding immunity should not apply here; rather, he merely states that ODRC has abused its discretion or abused its authority by violating unspecified principles of criminal law and tort law. (Evans' Brief at 3.)

{¶ 10} Evans' second assignment of error is overruled.

### C. Third Assignment of Error – Whether the Trial Court Erred in Holding that it Lacked Jurisdiction to Consider Evans' Claim for Civil Damages Based on Alleged Criminal Acts by ODRC

{¶ 11} We have previously held that the Court of Claims does not have jurisdiction to determine whether the State (or an agent or agency thereof) has committed a crime to serve as a predicate for establishing liability in a civil action brought pursuant to R.C. 2307.60. *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-713, 2019-Ohio-3788, ¶ 12; *accord Burse* at ¶ 15-16; R.C. 2931.03. Yet, Evans points out that we have also held in an appeal from the Court of Claims, that a private action may be brought against the State for a violation of a criminal statute. (Evans' Brief at 4, citing *Evans v. Ohio Dept. of Rehab.*

*& Corr.*, 10th Dist. No. 16AP-767, 2018-Ohio-1035, ¶ 27-28.)  Evans argues that these rulings conflict with one another and show that *Burse* was wrongly decided.  (Evans' Brief at 4.)  We recognize that the Court of Claims cannot determine questions of criminal guilt, even though civil suits for damages against the State must be brought in the Court of Claims (*see* R.C. 2743.03; *Cleveland v. Ohio Bur. of Workers' Comp.*, ___ Ohio St.3d ___, 2020-Ohio-337, ¶ 10).  But this does not mean that such principles are in conflict or that there is no way to bring an R.C. 2307.60 action against the State.  There is nothing, for example, that prevents a litigant from first obtaining an entry or declaration from a court of competent jurisdiction (such as the court of common pleas) to the effect that the State actor committed a crime before filing against the State under R.C. 2307.60 in the Court of Claims. But in this case, Evans filed his R.C. 2307.60 action in the Court of Claims without any predicate ruling that a crime had occurred, and the Court of Claims does not have jurisdiction to address that predicate question.  Hence, Evans' R.C. 2307.60 suit, as presently constituted, cannot move forward in the Court of Claims.

{¶ 12}  We overrule Evans' third assignment of error.

## D. Fourth Assignment of Error – Whether Evans Adequately Pled an ADA Claim

{¶ 13}  Regarding Evans' ADA claim, he alleges in his complaint, at a point beneath his signature, just the following:

NOTE:

THE AMERICANS with DISABILITIES ACT [AND] REHABILITATION ACTION MAY BE IMPLICATED HERE AS WELL.42 U.S.C. §12101,et seq., and 29 U.S.C. [illegible]94.

(Compl. (see paragraph below the signature on page 2).)  As the above-quoted text appears after his signature, it is not one of the numbered paragraphs in the complaint, and it is not grouped with the other allegations.  We cannot discern from its placement and paucity of factual allegations that it is intended as a separate cause of action.  But even were we to treat it so, the Court of Claims properly determined that it fell short of stating a claim on which relief could be granted.

{¶ 14}  Analyzing the law as Evans pled it in his complaint, we observe that Evans appears to be under the impression that a court is required to accept everything stated in a complaint as true with the consequence that the granting of motions to dismiss are

essentially unachievable.  (Compl. at ¶ 2.)  However, a court is only required to "presume all *factual* allegations contained in the complaint to be true."  (Emphasis added.) *McCuller*, 2015-Ohio-3124, at ¶ 7; *see also Rossford*, 2004-Ohio-4362, at ¶ 5; *Perez*, 66 Ohio St.3d at 399; *Mitchell*, 40 Ohio St.3d at 192-93.  A court is not required to accept the complaining party's view of the law or their conclusory assertions about the validity of their claims under the law.  *One Energy Ents., LLC v. Ohio Dept. of Transp.*, 10th Dist. No. 17AP-829, 2019-Ohio-359, ¶ 71 (noting that "the court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint"), citing *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994); *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.); *accord Mitchell* at 193.

{¶ 15}  Evans' ADA allegation is a paradigmatic example of a conclusory legal assertion unsupported by any factual allegations.  What disability does Evans have?  How was it not properly accommodated?  How was he discriminated against as a consequence of it?  Evans does not allege any facts in his complaint to provide even allegorical answers to these questions.

{¶ 16}  The Court of Claims did not err in finding that this "note" at the end of Evans' complaint did not state a cause of action.  Evans' fourth assignment of error is overruled.

### E. First Assignment of Error – Whether the Trial Court Used the Wrong Standard in Evaluating Evans' Complaint

{¶ 17}  Evans argues that there are many statutory and common law theories of relief that could support recovery for his grievance and that, as a consequence, the trial court erred in dismissing his action.  (Evans' Brief at 2-3.)[1]  However, although the "no set of facts" test is very permissive, the plaintiff still bears the responsibility of crafting "a short and plain statement of the claim *showing that the party is entitled to relief*."  (Emphasis added.) Civ.R. 8(A); *see also York*, 60 Ohio St.3d at 145.  In this case, Evans' complaint does not show that he is entitled to relief such that his complaint could survive both Civ.R. 12(B)(1) and (6) challenges.

---

[1] We also note that Evans asks that we make his brief in case No. 19AP-743 "wholly inclusive to the instant Brief."  (Evans' Brief at 1.)  There is no provision in the local rules or the Ohio Rules of Appellate Procedure for referencing briefs filed in another case as a substitute for briefing or as an incorporated supplement to briefing.  Moreover, doing so would violate App.R. 16(A)'s clear instructions about how briefs are to be composed.  We decline to follow Evans' request.

{¶ 18} Evans in his complaint simply expresses dissatisfaction about past and possible future transfers (for which ODRC is generally immune from liability), but he does not allege any factual reason that would permit us to view the transfer(s) complained of in a light of anything other than general immunity.  (Compl. in passim.)  For example, Evans states:

> The ODRC officials having transferred Evans out of pure retaliation and coersion,they uprooted Evans unecissarily and interfered with his legal efforts in the courts,which is a "property interest", the interference being "theft", and disrupted Evans's entire life.Evans is [not] saying that he has a <u>right</u> to be housed at a particular facility,but rather the right to not have a transfer occur as a retaliatory move,which is what occured here.For Evans is from SciotoCounty,some 380+ miles from Youngstown,and he did not request it,and in fact filed documents trying to prevent it.
>
> * * *
>
> Evans also seeks to [prevent] a recurrance,and to halt any ideas of again transfering Evans from where he is now (N.E.O.C.C.-Youngstown) ,and to halt any ideas of reducing Evans's security unless he requests it. * * * Evans is essentially a model inmate.He has had no fights since once in 2005,and no drug conduct reports,and many certificates of his self-rehabilitation efforts for years on end. * * * Evans therefore asserts that he has [earned] the priviledge of not being transferred if he does not want that.Nobody cared when they done it from R.C.I. to N.E.O.C.C.,and that move violated law.So there is no grounds to have the Defendant claim they have any interest in transfering again.Evans wants any such stupidity stopped in it's tracks,as being a danger to his mental and physical health.He has a <u>right</u> to have a meaningful life,without being uprooted.
>
> * * *
>
> Evans demands the O.D.R.C. get it's ass out of his [personal] life,when he violates no rule or law.Evans is 55 years old this April 24th.,and he well knows what is best for himself.Anything other is completely counter to rehabilitation and instead promotes disgust and resentment,and perhaps crime.So in the name of the law: BACK OFF!

(Sic passim.) (Compl. at ¶ 4, 6, 8.)

{¶ 19} In short, Evans does not want to be moved from the prison facility where he is currently imprisoned because it is disruptive to his life and inconvenient to him. As we see it, an inevitable legal detriment of being a prisoner is being deprived of one's freedom of movement. Although Evans speculates that the transfer(s) were or will be retaliatory, he does not provide any factual allegations to support that why that legal conclusion may be both true and actionable. The trial court was not bound to accept a mere statement of what simply amounts to a conclusion, be it legal or factual. *Id.* at ¶ 4; *One Energy*, 2019-Ohio-359, at ¶ 71.

{¶ 20} Evans did not make significant enough statements in his complaint to infer he is entitled to relief so as to avoid a dismissal of his complaint under both Civ.R. 12(B)(1) and (6). Civ.R. 8(A). As such, dismissal was appropriate. Evans' first assignment of error is overruled.

## IV. CONCLUSION

{¶ 21} In his complaint, Evans expressed dissatisfaction about the inconvenience and hardship caused by past and potential future transfers between Ohio state prison institutions. But Evans' conclusory allegations were insufficient to allege a claim under the ADA. Evans' allegations that ODRC was liable for criminal acts were unsuccessfully brought in the Court of Claims, a forum without jurisdiction to rule whether a crime has occurred without the necessary predicate ruling from a court of competent jurisdiction to that effect and also whether he has experience a denial of his constitutional rights. Evans' allegations based on other principles of tort law also failed to state a claim or provide a basis that would have excised them from the scope of ODRC's general immunity from liability arising from decisions regarding inmate transfer and placement. Evans' four assignments of error are overruled, and the Court of Claims of Ohio's judgment is affirmed.

*Judgment affirmed.*

DORRIAN and BEATTY BLUNT, JJ., concur.