[Cite as *Wolfe v. Dept. of Rehab. & Corr.*, 2025-Ohio-4560.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Javelen L. Wolfe, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-330 |
| v. | : | (Ct. of Cl. No. 2024-00499JD) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 30, 2025

**On brief:** *Javelen L. Wolfe*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Maggie Shaver*, and *Amy S. Brown*, for appellee.

APPEAL from the Court of Claims of Ohio

LELAND, J.

{¶ 1} Plaintiff-appellant, Javelen L. Wolfe, challenges the decision of the Court of Claims of Ohio granting the summary judgment motion of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC").

## I. Facts and Procedural History

{¶ 2} Wolfe is an inmate in ODRC's custody. On June 11, 2024, Wolfe filed a complaint in the Court of Claims against the director of ODRC and the chief executive officer of GTL/Viapath Tech. In his complaint, Wolfe alleged he bought a "JP6 player" (hereinafter referred to as a "JPay tablet") from ODRC, but, after ODRC entered into a contract with "another tech[nology] company," it confiscated Wolfe's JPay tablet and

subsequently refused to return it. (Compl. at 2-3.) The complaint included counts of conversion of property, unjust enrichment, third-party beneficiary of contract, false representation, and bailment. Wolfe sought restitution in the amount of $80,000. On the same day Wolfe filed his complaint, June 11, 2024, the magistrate entered an order dismissing the director of ODRC from the case because "[t]he only defendant in original actions in the court of claims is the state." R.C. 2743.02(E). The magistrate therefore indicated the revised case caption would include ODRC as the only defendant. ODRC filed an answer on July 8, 2024. On October 11, 2024, Wolfe filed a pre-trial statement to which he attached documentary evidence, including Wolfe's communications with prison officials about the confiscation of his JPay tablet.

{¶ 3} On January 13, 2025, ODRC filed a motion for summary judgment, along with other evidence including an affidavit from Katie Nixon, the vendor project manager and contract monitor for ODRC at all relevant times in this case. Nixon attested a business now known as ViaPath won a 2021 solicitation put on by the Department of Administrative Services to be the electronic tablet vendor for ODRC. Nixon noted inmates could previously buy their own JPay tablets for personal use, including electronic communication, games, and music. Typically, inmates would connect their JPay tablets to a kiosk for periodic software updates, but inmates discovered they could exploit security vulnerabilities in the tablets and attain "unfettered access to the internet" if they skipped the software updates. (Nixon Aff. at ¶ 7.) Nixon claimed this created "a security concern" for ODRC. (Nixon Aff. at ¶ 7.) In contrast, Nixon explained the new ViaPath tablets conducted software updates remotely rather than through a central kiosk, eliminating the primary security vulnerability of the JPay tablets. ODRC issued a memo to inmates in July 2023 notifying them JPay tablets would be phased out and considered contraband beginning October 1, 2023. Wolfe's complaint alleges ODRC confiscated his JPay tablet as contraband on March 14, 2024.

{¶ 4} On January 23, 2025, Wolfe filed a request for an extension of time to respond to ODRC's motion for summary judgment pursuant to Civ.R. 56(F). On January 29, 2025, the trial court denied Wolfe's request for an extension of time, finding Wolfe noncompliant with Civ.R. 56(F) for failing to (1) file an affidavit in support of his motion, (2) specify what evidence he needed from ODRC, and (3) file a motion to compel

despite having at least two months to do so.  On February 19, 2025, Wolfe filed a response to ODRC's motion for summary judgment.  The trial court granted ODRC's motion for summary judgment in an order filed March 7, 2025.

{¶ 5}    Wolfe timely appeals.

## II. Assignments of Error

{¶ 6}    Wolfe assigns the following errors for our review:

> I. TRIAL COURT ABUSED ITS DISCRETION WHEN IT ACCEPTED JURISDICITION TO CONSIDER EVIDENCE OF DEFENDANT-APPELLEE.
>
> II. TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT ACCEPT JURISDICTION TO CONSIDER EVIDENCE [OF] PLAINTIFF-APPELLANT.
>
> III. TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO ORDER A CONTINUANCE TO ALLOW DISCOVERY.

## III. Discussion

{¶ 7}    Wolfe's first and second assignments of error appear to make two related contentions: (1) the trial court abused its discretion in considering ODRC's evidence and not his; and (2) the trial court abused its discretion in considering evidence at all given that it ultimately concluded it lacked jurisdiction.  We will consider these arguments in turn.

{¶ 8}    First, there is no indication in the trial court's decision that it ignored the evidence presented by Wolfe.  To the contrary, the decision specifically notes Wolfe "fails to rebut" ODRC's evidence "that the JPay tablets were being misused or that the ViaPath tablets allowed for more robust security measures."  (Mar. 7, 2025  Decision at 8.)  It determined Wolfe failed "to provide any controverting evidence to . . . establish a genuine issue of material fact."  (Decision at 8.)  These comments make clear the trial court considered Wolfe's evidence and found it lacking.  Thus, we disagree with Wolfe's assertion that the court failed to consider his evidence.

{¶ 9}    Second, the trial court must consider evidence presented by the parties in order to make an informed decision about whether discretionary immunity applies.  Under the doctrine of discretionary immunity, ODRC is typically immune from tort liability related to decisions involving policies and procedures.  *Evans v. Ohio Dept. of Rehab. &*

*Corr.*, 2020-Ohio-1521, ¶ 9 (10th Dist.); *Frash v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-360, ¶ 21 (10th Dist.); and *Hughes v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4736, ¶ 16 (10th Dist.). "[T]he state cannot be sued for . . . the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Reynolds v. State, Div. of Parole & Community Servs.*, 14 Ohio St.3d 68, 70 (1984). Deciding if ODRC is involved in policymaking requires the court to engage in a fact-based inquiry. Furthermore, courts must analyze the evidence before them in ruling on summary judgment motions—Civ.R. 56(C) instructs courts to grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). In the present case, the trial court examined the evidence and found ODRC's change in the brand of tablets available to inmates involved a basic policy decision. The court consequently granted ODRC's summary judgment motion. We find no error in the trial court's review of the evidence before it to grant ODRC's motion for summary judgment.

{¶ 10} Accordingly, to the extent Wolfe asserts error in the trial court's evidentiary review and subsequent finding that it lacks jurisdiction over this case, we overrule the first and second assignments of error.

{¶ 11} Wolfe's third assignment of error asserts the trial court abused its discretion by denying his January 23, 2025 request for an extension of time to respond to ODRC's motion for summary judgment. Wolfe claims Civ.R. 56(F) required the trial court to grant him an extension of time to respond to the motion for summary judgment. In reality, Civ.R. 56(F) clearly states a trial court *may* order a continuance. "The provisions in Civ.R. 56(F) are discretionary, not mandatory." *Perpetual Fed. Sav. Bank v. TDS2 Property Mgt., LLC*, 2009-Ohio-6774, ¶ 11 (10th Dist.). In addition, Civ.R. 56(F) "requires the party seeking a continuance to submit an affidavit stating sufficient reasons why the party cannot present facts essential to justify the party's opposition to the summary judgment motion." *Id.* at ¶ 13; *see* Civ.R. 56(F). Wolfe's request for an extension of time included no such affidavit and thus failed to establish sufficient reasons to explain his inability to present evidence countering ODRC's summary judgment motion. We find the

trial court did not abuse its discretion in denying Wolfe's January 23, 2025 request for an extension of time to respond to the motion for summary judgment. To the contrary, the trial court correctly denied the motion and detailed its rationale in plain terms. We accordingly overrule Wolfe's third assignment of error.

## IV. Conclusion

{¶ 12} Having overruled all three of Wolfe's assignments of error, we affirm the judgment of the Court of Claims of Ohio that granted summary judgment in favor of ODRC.

*Judgment affirmed.*

MENTEL and DINGUS, JJ., concur.

———————————