**[Cite as *Arnoff v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-5238.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bruce Arnoff, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 25AP-478 |
| v. | : | (Ct. of Cl. No. 2025-00115JD) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

---

D E C I S I O N

Rendered on November 20, 2025

---

**On brief:** *Bruce Arnoff*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Maggie S. Shaver*, and *Victoria L. Kekel*, for appellee.

---

APPEAL from the Court of Claims of Ohio

JAMISON, P.J.

{¶ 1} Plaintiff-appellant, Bruce Arnoff, appeals from the judgment of the Court of Claims of Ohio dismissing his complaint against defendant-appellee, Ohio Department of Rehabilitation and Correction. For the following reasons, we affirm that dismissal.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant is currently an inmate in the custody and control of appellee.

{¶ 3} On February 13, 2025, appellant filed a complaint against "Warden Cool" and appellee, alleging they had violated his rights under the Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. These claims were based on several allegations. First, appellant alleged that appellee improperly placed him, a man of the Jewish faith, with members of the Aryan Brotherhood who assaulted him and stole his

property.   Second, appellant alleged that his kosher meals were improperly removed. Third, appellant alleged that he was improperly denied access to the law library, resulting in several of his legal cases being dismissed.  Appellant sought damages in the amount of $5,398,300.

{¶ 4}   The claims against Warden Cool were dismissed, sua sponte, pursuant to R.C. 2743.02(E).

{¶ 5}   On March 13, 2025, appellee moved to dismiss the complaint due to lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1).  In its motion, appellee contended that the Court of Claims lacked jurisdiction over constitutional claims and appellee was entitled to discretionary immunity.  Appellant did not file a response.

{¶ 6}   In granting appellee's motion to dismiss, the Court of Claims found that it did not have jurisdiction over appellant's law library access and kosher diet claims because they were constitutional in nature.  The court also found appellant's claims regarding housing placement were barred by discretionary immunity.

{¶ 7}   Appellant subsequently filed a motion for reconsideration, which was dismissed by the Court of Claims.

{¶ 8}   Appellant now brings this appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 9}   Appellant assigns the following five assignments of error for review:

1.  DENIAL OF JURISDICTION

2.  PROPERTY LOST

3.  "UNREASONABLE RISK"-DAMAGES FROM BEING BEATEN BY 5 ARYAN BROTHERHOOD INMATES THAT ARNOFF WAS FORCED TO CELL WITH

4. DAMAGES – CIVIL CASES LOST FROM DENIAL OF ACCESS TO THE LIBRARY AND COURTS

5.  IMPROPER, ILLEGAL DENIAL OF KOSHER FOOD

(Sic passim.)

## III.  STANDARD OF REVIEW

{¶ 10}  A party may move for dismissal of a complaint based on a trial court's "[l]ack of jurisdiction over the subject matter."  Civ.R. 12(B)(1).  The issue of subject-matter jurisdiction does not involve the rights of the parties, but rather the court's authority to hear

and decide a case on the merits. *Robinson v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-713, ¶ 5 (10th Dist.). In ruling on a Civ.R. 12(B)(1) motion, a trial court must determine "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). In engaging in this analysis, a trial court may consider any pertinent materials and is not restricted to the allegations in the complaint. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 11} A trial court's decision regarding a Civ.R. 12(B)(1) motion to dismiss is reviewed de novo by an appellate court. *Johnson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-4885, ¶ 11 (10th Dist.). In a de novo review, a court of appeals applies the same standards as the trial court. *Neinast v. Ohio Expositions Comm.*, 2009-Ohio-4850, ¶ 5 (10th Dist.).

## IV.  LEGAL ANALYSIS

{¶ 12} Initially, it should be noted that appellant failed to respond to appellee's motion to dismiss in the Court of Claims. Thus, appellant arguably waived or forfeited his arguments because issues cannot be raised for the first time on appeal. *Person v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-798, ¶ 11 (10th Dist.).

{¶ 13} Appellant briefly states that he did not respond to appellee's motion to dismiss because he never received said motion. However, appellant fails to assert this as an assignment of error. Therefore, this court can disregard that argument pursuant to App.R. 12(A)(2). *Rider v. Dir., Ohio Dept. of Job & Family Servs.*, 2017-Ohio-8716, ¶ 7 (10th Dist.). Moreover, it is impossible to tell from the record before us whether service of the motion to dismiss was properly made. Relief based on that argument must be obtained through a Civ.R. 60(B) motion "where evidence can be adduced to support the claim that service was not made." *Mt. Carmel Health v. Estate of Angles*, 1989 Ohio App. LEXIS 4488, *2 (10th Dist. Nov. 28, 1989).

{¶ 14} Despite these procedural defects, we will address appellant's assignments of error. In his first assignment of error, appellant generally contends that the Court of Claims erred in finding that it lacked jurisdiction. Appellant fails to address how the Court of Claims erred in dismissing his library/court access and kosher diet claims. Therefore, we will only address the dismissal of appellant's housing placement claims. The Court of

Claims dismissed appellant's housing placement claims based on the doctrine of discretionary immunity. Appellant asserts that prisons "lack discretionary immunity when they commit actions that are 'wonton, reckless or done in bad faith.' " (Appellant's Brief at 3.) It should also be noted that in his third assignment of error, appellant argues he is entitled to damages due to being placed with members of the Aryan Brotherhood. Because both appellant's first and third assignments of error address his housing placement claims, we will consider them together.

{¶ 15} R.C. 2743.02(A)(1) states that "[t]he state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties . . ." However, "the state's potential liability under R.C. Chapter 2743 is not unbounded." *Wallace v. Ohio Dept. of Commerce*, 2002-Ohio-4210, ¶ 34. In *Reynolds v. State, Div. of Parole & Community Servs.*, 14 Ohio St.3d 68, 70 (1984), the Ohio Supreme Court held:

> The language in R.C. 2743.02 that 'the state' shall 'have its liability determined . . . in accordance with the same rules of law applicable to suits between private parties . . .' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion.

The Court of Claims thus lacks jurisdiction over claims based on the state's "highly discretionary decisions pursuant to its legislative, judicial, executive, or planning functions, because the state has not waived its sovereign immunity for those decisions." *Smith v. Ohio State Univ.*, 2024-Ohio-764, ¶ 16. Under this doctrine of discretionary immunity, the state "is immune from any liability arising from the decisions made pursuant to its discretionary function." *Risner v. Ohio Dept. of Transp.*, 2015-Ohio-4443, ¶ 24.

{¶ 16} This court has repeatedly held that appellee is "generally immune from liability arising from decisions regarding inmate transfer and placement under the discretionary immunity doctrine expressed in *Reynolds* . . ." *Troutman v. Ohio Dept. of Rehab. & Corr.*, 2005-Ohio-334, ¶ 9 (10th Dist.); *see also Evans v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-1521, ¶ 9 (10th Dist.); *Deavors v. Ohio Dept. of Rehab. & Corr.*, 1999 Ohio App. LEXIS 2338, *10 (10th Dist. May 20, 1999). With that being said,

"[d]iscretionary immunity is not without limits." *Evans* at ¶ 9. In this case, however, other than a conclusory allegation that appellee's actions were wanton, reckless, and done in bad faith, appellant has failed to articulate a basis for finding that immunity does not apply. *See id.* (finding that immunity still applied because the plaintiff failed to offer anything more than conclusory allegations). It follows that appellee is immune from liability on appellant's claims regarding housing placement.

{¶ 17} Based on the foregoing, appellant's first and third assignments of error are overruled.

{¶ 18} Appellant's second assignment of error is simply labeled "PROPERTY LOST." (Appellant's Brief at 3.) It is unclear as to what part of the decision by the Court of Claims appellant is assigning error. Based on a review of appellant's citations, it appears he is arguing that he is entitled to damages based on an allegation that appellee lost his personal property. However, a review of appellant's complaint reveals that he never made any such allegations below. "[A] party who fails to raise an argument below waives his right to raise it on appeal." *Harr v. Jackson Twp.*, 2012-Ohio-2030, ¶ 32 (10th Dist.). Thus, because appellant failed to raise any lost property claims below, he has waived any such claims on appeal. Appellant's second assignment of error is overruled.

{¶ 19} In his fourth and fifth assignments of error, appellant alleges that he is entitled to damages due to denial of access to the law library/courts and denial of kosher food. The Court of Claims dismissed these claims on the basis that they were constitutional in nature and, thus, it did not have subject-matter jurisdiction. Both of these assignments of error contain no arguments regarding the Court of Claims' dismissal. Rather, appellant appears to be arguing the merits of his claims. Nevertheless, a review of the Court of Claims' analysis dismissing appellant's complaint reveals its reasoning was sound.

{¶ 20} The Court of Claims lacks subject-matter jurisdiction over alleged violations of an individual's constitutional and/or civil rights. *Triplett v. S. Ohio Corr. Facility*, 2007-Ohio-2526, ¶ 11 (10th Dist.). This is so because the state has consented to be sued in the Court of Claims in accordance with the same rules applicable to private persons. *Id.* It is undisputed that private parties cannot be held liable for constitutional and civil rights claims because they require an element of state action. *Bleicher v. Univ. of Cincinnati College of Medicine*, 78 Ohio App.3d 302, 206 (10th Dist. 1992).

{¶ 21} Pursuant to the Eighth Amendment to the United States Constitution, prison officials must provide humane conditions of confinement including adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Claims that allege the deprivation of a "single, identifiable human need" relate to a condition of confinement claim. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Complaints regarding these conditions of confinement are treated as constitutional claims arising under 42 U.S.C.S. § 1983. *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 91-92 (1994). Because each of appellant's claims regarding his access to the law library/courts and his kosher diet allege the deprivation of human needs, they relate to constitutional condition-of-confinement claims. *See Schotten* at 91 (adequacy of the prison library claims, among others, related to conditions of confinement); *Bounds v. Smith*, 430 U.S. 817, 821 (1977) (prisoners have a constitutional right of access to the courts); *Alexander v. Carrick*, 31 Fed. Appx. 176, 179 (6th Cir. 2002) (allegations that prison officials failed to provide a diet without violating the inmate's religious dietary restrictions involve constitutional claims). Thus, the Court of Claims was without subject-matter jurisdiction and did not err in dismissing appellant's complaint.

{¶ 22} Although failing to assert why these claims were erroneously dismissed, in appellant's statement of the case, he writes, "[Appellant] made a simple error referring to Constitutional Violations when the lawsuit should have been based on the Negligent behavior and violations of [Ohio Department of Rehabilitation and Correction] Policies and Procedures." (Sic passim.) (Appellant's Brief at 2.) This claim is belied by the record. Appellant's complaint unequivocally states that his claims are based on violations of the Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. (Feb. 13, 2025 Compl. at ¶ 1.) Although appellant refers to the Ohio Constitution, these are clearly references to the United States Constitution. Appellant's complaint did not include any arguments regarding negligence or references to specific Ohio Department of Rehabilitation and Correction policies or procedures. It follows that based on the plain language of his complaint, appellant's claims were constitutional in nature and not within the subject-matter jurisdiction of the Court of Claims.

{¶ 23} Appellant's fourth and fifth assignments of error are overruled.

## V. CONCLUSION

{¶ 24} Having overruled each of appellant's five assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

_____